## NANCY A. ALVORD *vs.* HANNAH S. MARSH & another.

One who assumes to act in behalf of the estate of a deceased person, in compromising debts due to it, before the appointment of an administrator, will, if subsequently appointed administrator, be bound by his acts to the same extent as if he had received his appointment at the time of doing the acts.

If a woman assumes to act in behalf of the estate of her deceased husband, prior to her appointment as administratrix, and presents a claim in gross, without details of price or time, for labor performed by him in his lifetime for another, who presents an account in set-off consisting of very many items of charge principally against him but partly against her personally, and she upon receiving a sum of money gives to the other a receipt " in full of all demands on account of the estate," and also in full of " all other bills against myself," this will operate as a settlement between the parties, so that upon her subsequent appointment as administratrix of the estate of her husband she cannot maintain an action upon the same claim, although " upon a careful computation of the books " it appears that a very trifling sum more was due.

CONTRACT brought by the administratrix of the estate of Justus B. Alvord, against the administrators of the estate of Robert G. Marsh, to recover $100 for work done by Alvord for Marsh. The bill of particulars annexed to the writ consisted of a charge for " work and labor each month in 1860, 1861, $300." The defendants admitted that Alvord performed work for Marsh, but professed their ignorance of the amount and value of his services; averred that Marsh and the plaintiff had a settlement, and that he paid her the balance found due on accounting together; and also filed a declaration in set-off, with an account of about two hundred items, amounting together to $788.95.

The case was submitted to the determination of the superior court upon the pleadings, and the report of W. B. C. Pearsons, who made an award as referee under rule of court. The following is an exact copy of the whole of this award, with the exception of the merely formal parts:

" It appeared in evidence that plaintiff's intestate died June 5th 1861, and letters of administration were issued to plaintiff Nov. 5, 1861. The defendant relied upon a set-off, embracing items of account between June 5th 1861 and Sept. 1st 1861, of goods sold, $11.53 ; labor of man, $9.00 ; funeral expenses, $15.87 ; cash, $6.05 ; and rent of tenement for June, July and

August, 1861, $11.00, furnished to the plaintiff. It was not proved that these items were furnished in pursuance of any contract with the intestate. The plaintiff objected to the allowance of any of these items, as having been made between the death of plaintiff's intestate and the issuing of letters of administration.

" The defendant also relied upon a receipt duly proved, of which the following is a copy: ' Holyoke, Aug. 30, 1861. Received of R. G. Marsh twenty dollars in full of all demands on account of the estate of Justus B. Alvord, late of Holyoke, deceased, also in full of house rent, and all other bills against myself to Aug. 1st 1861. (Signed) Nancy A. Alvord. Attest: W. A. Judd.' The amount actually paid upon this receipt was $17.00, and it did not pay the full balance, as appeared upon a careful computation of the books, by the amount of $1.20.

" I therefore allow in defendant's set-off the items of goods sold, $11.53; funeral expenses, $15.87; cash, $6.05; and disallow for labor of man $9.00, and rent of tenement in July and August $7.00. I also allow the plaintiff $1.20, as appears by the correct computation of the books, and adjudge that the plaintiff recover of the defendant the sum of seventeen dollars and twenty cents, as damages and costs taxed at. The costs to be agreed by the counsel for parties, except referee's costs."

Judgment was thereupon rendered for the defendant, and the plaintiff appealed to this court.

*G. M. Stearns*, for the plaintiff, cited *Twitchell* v. *Shaw*, 10 Cush. 46; *Brooks* v. *White*, 2 Met. 283; *Leach* v. *Pillsbury*, 15 N. H. 137; *Bacon* v. *Parker*, 12 Conn. 212; *Mountford* v. *Gibson*, 4 East, 441.

*J. Wells & A. L. Soule*, for the defendants.

HOAR, J. The taking out letters of administration relates to the death of the intestate, and by operation of law makes valid all acts of the administrator in settlement of the estate from the time of the death. It therefore legalizes receipts of property by the administrator for which he would otherwise have been responsible as executor *de son tort;* and requires him to account for them in regular course of administration. *Shillaber* v

*Wyman,* 15 Mass. 322. *Andrew* v. *Gallison,* Ib. 325, *n.* *Priest* v. *Watkins,* 2 Hill, (N. Y.) 225. It has indeed been doubted whether an executor *de son tort* can give any title to the goods of the intestate as against the rightful administrator, especially where the conveyance is the single wrongful act which makes him executor *de son tort. Mountford* v. *Gibson,* 4 East, 441. *Pickering* v. *Coleman,* 12 N. H. 148. But no such question can arise where, as in the present case, the alleged executrix *de son tort* becomes herself afterward the lawful administratrix. Her acts of receiving debts due to the estate, or property belonging to it, become by relation lawful acts of administration, for which she is liable to account, to the same extent as if they had occurred after the letters of administration were granted. The liability thus imposed upon her necessarily involves a validity in her acts which is a protection to those who have dealt with her concerning the estate. The plaintiff, therefore, if she has undertaken to receive a debt due to the estate which she represents before her appointment as administratrix, and has given a discharge or acquittance therefor which would have been valid if she had then been duly appointed, has made herself chargeable with the whole amount of the debt; her subsequent appointment gave complete validity to the transaction; and she cannot maintain her action.

It then remains to determine whether, upon the facts agreed, the defendant paid or satisfied the debt due from him to the intestate. The claim annexed to the plaintiff's writ is for work and labor, $300. The defendant has filed a declaration in set-off amounting to $788.95, and embracing a very large number and variety of charges. Among them were some claims against the administratrix personally, for money and rent due from her after the death of her intestate. She gave to the defendant a receipt in full of all demands on account of the estate, including a settlement of these personal liabilities, on the payment by him of $17. The facts show that, upon a careful computation of all amounts proved on each side, this sum was not sufficient by the amount of $1.20. But we can have no doubt that an administratrix, who is herself indebted to a debtor of the estate, may

if she chooses, accept a discharge of her own debt toward the payment of the debt due to her as administratrix. By so doing she makes herself answerable to the estate for the whole debt which she thus settles and discharges. And while it is clearly settled that the receipt of a less sum is no valid discharge of a larger amount which is due, yet this applies only to the case of an ascertained and undisputed debt. The rule has no applica- tion to the case of an accounting together between two parties having various and unliquidated demands against each other. As the plaintiff's demand was for labor, of which both the time and the price were to be proved or agreed; as the defendant had an account of a much larger amount; as questions of interest might very likely arise; and as the sum fixed by the parties, without fraud or concealment of facts, was within such a trifling amount of the sum appearing to be due upon a new and "care- ful computation of the books;" the case comes precisely within the authority of *Donohue* v. *Woodbury*, 6 Cush. 148. The settle- ment between the plaintiff and defendant was in the nature of an *insimul computassent;* and the receipt in full was a bar to the action. *Judgment for the defendants*